# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Booth, ) | Civil Action No. 2:15-4819-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Trident Literacy Association, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been filed by the Plaintiff asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff is a former employee of the Defendant.

The Defendant filed a Rule 12 motion to dismiss, with accompanying exhibits, on March 16, 2016. Plaintiff filed a memorandum in opposition to the Defendant's motion on March 31, 2016, to which the Defendant filed a reply memoranda on April 11, 2016. Defendant's motion is now before the Court for disposition.[1]

## Discussion

Plaintiff alleges in his Complaint that he was employed by the Defendant from July 21, 2014 to approximately July 30, 2014. Complaint, ¶ 1.3. Plaintiff alleges that on or about July

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1

30, 2014, he was terminated by the Defendant on the basis of his religion (Christian) in violation of Title VII. Id., ¶¶ 2.8, 3.1-3.4. Plaintiff further alleges that, prior to filing his Complaint, he received a Right to Sue notice from the EEOC on September 8, 2015, and that this action was thereafter filed within ninety (90) days. Id., ¶ 1.4.[2] A review of the docket confirms that this action was filed on December 3, 2015, which was eighty-six (86) days after Plaintiff's receipt of the Right to Sue notice from the EEOC.

Rule 4(m), Fed.R.Civ.P. provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[3] Here, the parties do not dispute that the time for service began to run on December 3, 2015; therefore, the ninety (90) day period for service provided by Rule expired on March 2, 2016. However, the Defendant asserts in its motion, and Plaintiff does not dispute, that the Defendant was not served with process in this case by March 2, 2016,[4] and that in fact, as of the filing of the Defendant's

---

[2] A Title VII Plaintiff has 90 days from the time the EEOC delivers the Right to Sue notice to file a lawsuit. Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); see also Coleman v. Talbot County Detention Center, 242 Fed. Appx. 72, at ** 1 (4th Cir. July 12, 2007); Aziz v. Orbital Scis. Corp., No. 98-1281, 1998 WL 736469, at *1 (4th Cir. October 19, 1998) ["Title VII . . . allow[s] an aggrieved party ninety days after receipt of a right-to-sue letter from the EEOC to file a civil action"].

[3] Rule 4(m) Fed.R.Civ.P. previously allowed one hundred twenty (120) days for service of the Complaint. However, this rule was amended on December 1, 2015 to reduce the period for effecting service to ninety (90) days. This case was filed after that date; therefore, the ninety (90) day service period applies.

[4] The Court docket reflects a serve due date of March 7, 2016. See Court Docket No. 1. While that date is not correct under Rule 4(m), even if Plaintiff had relied on this docket entry for calculating his service deadline, he did not serve process in this case by that date.

2

motion to dismiss on March 16, 2016, the Defendant had still never been served with process in this case.

Both parties have submitted exhibits relating to this issue with their briefs, which the Court has considered in reaching a decision with respect to whether Plaintiff has shown good cause for his failure to timely serve the Defendant such that the time for service should be extended for an appropriate period.[5] See Rule 4(m). These exhibits reflect that on or about December 16, 2015, Plaintiff's counsel requested waiver of service from the attorney who had represented the Defendant in the proceedings before the EEOC. See Defendant's Exhibit C (Court Docket No. 5-3, p. 2); Plaintiff's Exhibit (Court Docket No. 6-1, p. 2). Defendant's EEOC counsel had previously indicated he could waive service of the summons and Complaint if Plaintiff's counsel sent him the requisite forms. See Defendant's Exhibit C (Email dated 12/9/15); Plaintiff's Exhibit (Court Docket No. 6-1, p. 1). However, Defendant's EEOC counsel responded to Plaintiff's counsel sending him the necessary waiver documents by telling Plaintiff's counsel that the defense of this case had been transferred to John Wilkerson of the Turner Padget law firm in Charleston, South Carolina. See Defendant's Exhibit C (Court Docket No. 5-3, p. 1); Plaintiff's Exhibit (Court Docket No. 6-1, pp. 2-3). EEOC defense counsel further indicated in this email that he had forwarded the waiver of service material he had received from Plaintiff's counsel to Attorney Nosizi Ralephata with the Turner Padget firm, and that Plaintiff's counsel should direct all further correspondence, inquiries,

---

[5]The Court can consider these exhibits in deciding this issue. See Soos v. Niagara County, No. 15-870, 2016 WL 3659139, at * 2 (W.D.N.Y. July 1, 2016) [In considering a motion to dismiss for insufficiency of process, a court must look to matters outside the complaint to determine whether it has jurisdiction]; RDLG, LLC v. RPM Group, LLC, Nos. 10-204, 10-233, 2010 WL 6594916, at * 3 (W.D.N.C. Dec. 21, 2010) [same], adopted by, 2011 WL 1694616 (W.D.N.C. May 3, 2011). Although the materials submitted by the parties (emails) are not sworn, both parties have submitted the same documents and there is no contest as to their authenticity.



3

missives, communications, and calls to her. Both Wilkerson and Ralephata were copied on that email. Id. Plaintiff responded that same day (December 16, 2015) thanking EEOC defense counsel for forwarding his email, and stating that "I'll look for a response from Ms. Ralephata". However, Plaintiff's counsel did not copy either Wilkerson or Ralephata on that email See Defendant's Exhibit C (Court Docket No. 5-4, p. 2); Plaintiff's Exhibit (Court Docket No. 6-1, p. 4).

Plaintiff's counsel does not dispute that, thereafter, he did not himself ever send waiver of service documents to Turner Padget, nor did he ever call or engage in any other communications with that law firm. Plaintiff's counsel also acknowledges in his brief that neither EEOC defense counsel nor anyone at Turner Padget ever signed and returned the waiver. On March 4, 2016 (which was now after the service deadline), Plaintiff's counsel emailed EEOC defense counsel that he had never gotten a response from Turner Padget, that he was about to go ahead and serve the Defendant, and "just wanted to check with you before I incur costs that would be taxed against your client". See Defendant's Exhibit D (Court Docket No. 5-4, p. 2); Plaintiff's Exhibit (Court Docket No. 6-4, p. 4). It is not clear why Plaintiff's counsel chose to contact the attorney who he knew was not representing the Defendant in this case, rather than Turner Padget. Further, no counsel from Turner Padget is showed as being copied on this email.

Georgia EEOC counsel responded to Plaintiff's counsel that same day, stating: "I suggest you contact Nosizi Ralephata one more time before serving, as I recall she was prepare[d] to save you all costs as to that. I have cc'ed her hereon. If you cannot get ahold of her, please let me know". Both Ralephata and Wilkerson are shown as being copied on this email. See Defendant's Exhibit D (Docket No. 5-4, p. 1); Plaintiff's Exhibit (Docket No. 6-1, p. 4). However, Plaintiff's counsel has provided no documentation to show, nor does he even argue, that he thereafter ever



4

contacted defense counsel at Turner Padget regarding either serving the Defendant or obtaining a waiver of service. Cf. Mende v. Milestone Tech, Inc., 269 F.Supp. 2d 246, 251 (S.D.N.Y. 2003) ["When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the Plaintiff bears the burden of proving its adequacy".] (internal citations omitted). Plaintiff's counsel further concedes in his filings that, as of the filing of his brief on March 31, 2016, he had still never served the Defendant with process in this case.

In his response to the Defendant's motion to dismiss, Plaintiff's counsel argues that, since the time for service has expired and this case has never been served on the Defendant, that "technically, the case has not been commenced", and that it "is Plaintiff's right and place to decide when and if to commence this case at this point". Plaintiff's Brief, p. 1. Plaintiff's counsel then faults the Defendant for even filing this motion, arguing that the "fact that the Defendant's attorneys have opted to enter into the Court and raise these issues by filing this unnecessary motion to dismiss seems frivolous and a waste of its client's resources, the Court's time, and the undersigned's". Id. Plaintiff's counsel's argument appears to be based on his belief that, since the case has never been served, it is no longer a pending case and therefore the Defendant's motion was unnecessary. However, this argument is without merit. This is still a pending case on the docket of this Court, and since Plaintiff has not himself filed a voluntary dismissal of the case pursuant to Rule 41(a), Fed.R.Civ.P., the Defendant's motion for dismissal under Rule 4(m) is entirely proper.

As for whether Plaintiff has shown good cause for his failure to timely serve the Defendant such that the time for service should be extended for an appropriate time (as allowed under Rule 4(m)), the undersigned does not find that such an extension is warranted under the facts of this case. Plaintiff asks the Court to "consider equitable tolling at this point" and allow service



5

of process at this time because he "relied on [EEOC counsel's] word that the waiver would be granted and service accepted . . . .". Plaintiff's Brief, p. 2. However, that is not what the documents submitted reflect, nor does EEOC counsel's statement of December 9, 2015 that, if Plaintiff's counsel would like to send him the waiver forms he would "review [them] and get back to" Plaintiff's counsel, excuse Plaintiff's counsel's own actions in failing to serve the Defendant, not only within 90 days of the filing of this case, but ever. The documents provided to the Court clearly show that after Plaintiff's counsel forwarded the waiver documents, the Defendant's EEOC counsel advised Plaintiff's counsel that he was *not* going to be representing the Defendant in this case, told Plaintiff's counsel who *was* representing the Defendant, that he had forwarded the waiver documents to the Defendant's new counsel, and told Plaintiff's counsel to contact *them* about obtaining a waiver of service. However, Plaintiff's counsel never thereafter contacted the Defendant's case counsel, even though he clearly knew who was representing the Defendant in this case, and when he did finally send another email relating to service in this case (which was by that time *after* the time for service had expired), he did not send that email to the Defendant's attorney, but to the Defendant's *prior* EEOC counsel who he clearly knew was not representing the Defendant in this case. He did not even copy the Defendant's case counsel on that email, nor did he then ever follow up with the Defendant's case counsel about this issue, even though the Defendant's prior EEOC counsel expressly advised him to do so.

There is no justification for granting Plaintiff the benefit of equitable tolling based on these facts. See Eaton v. Digital Equipment Corp., 16 Fed. Appx. 95, 96 (4th Cir. 2001) [Equitable tolling appropriate only "where the defendant has wrongfully deceived or misled the plaintiff [or] applies where the defendant engages in intentional misconduct to cause the plaintiff to



6

miss a filing deadline"]; Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 96 (1990) [Equitable tolling not appropriate where "the claimant failed to exercise due diligence in preserving his legal rights"]. Therefore, pursuant to Rule 4(m), Fed.R.Civ.P., this Court "must" dismiss the action without prejudice against the Defendant.

Finally, the Defendant seeks dismissal of this action with prejudice, arguing that any attempt by the Plaintiff to refile this case would now be out of time, citing to Minnette v. Time Warner, 997 F.2d 1023, 1027 (2nd Cir. 1993) and Cohn v. Key Span Corp., 713 F.Supp. 2d 143, 156 (E.D.N.Y. 2010) [Both standing for the proposition that the timely filing of a complaint subsequently dismissed without prejudice does not toll or suspend the 90 day limitations period for filing a Title VII action]. However, that is an issue for another day, in the event Plaintiff seeks or attempts to refile this case. That is not an issue this Court need address at this time.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed** without prejudice under Rule 4(m) for failure to serve the summons and complaint within the required time period.

The parties are referred to the Notice Page attached hereto.



Bristow Marchant
United States Magistrate Judge

July 15, 2016
Charleston, South Carolina

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

