IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronald Booth, | ) | Civil Action No. 2:15-4819-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Trident Literacy Association, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the Court grant Defendant's motion to dismiss for failure to serve within the period provided by Rule 4(m) of the Federal Rules of Civil Procedure. The Court declines to adopt the Report and Recommendation, denies Defendant's motion, deems service waived, and directs Defendant to answer the complaint within fourteen days of the date of this Order.

I.  **Legal Standard**

   A.  **Report and Recommendation of the Magistrate Judge**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B.     Motion to Dismiss

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) requires service of process within ninety days after the complaint is filed. If service does not occur within that period, the court must dismiss the action unless the plaintiff shows good cause for the failure, in which case he court must extend the time for service. Fed. R. Civ. P. 4(m).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Discussion

Plaintiff alleges that Defendant employed him from July 21, 2014 to approximately July 30, 2014, when he was terminated because of his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq..* (Compl. ¶¶ 1.3, 2.8, 3.1–3.4.) Plaintiff further alleges that, before filing his complaint, he received a Right to Sue notice from the Equal Employment Opportunity Commission on September 8, 2015, and that this action, filed on December 3, 2015, was filed within ninety days of that notice. (*Id.* ¶ 1.4.). Amendments to the Federal Rules of Civil Procedure reducing the time for service from 120 days to 90 days took effect on December 1, 2015. Because this action was filed on December 3, 2015, Plaintiff had ninety days—*i.e.*, until March 2, 2016—to serve the summons and complaint on Defendant.[1]

On December 3, 2015, Christian Steinmetz of Gannam Gnann & Steinmetz (in Savannah, Georgia), then defense counsel in this matter, contacted Plaintiff's counsel and offered to waive service of process. (Emails Between Counsel, Dkt. No. 6-1.) On December 10, 2015, Plaintiff's

---

[1] The Court's docket reflects a service due date of March 7, 2016 (Dkt. No. 1.), which, as the Magistrate Judge notes, is incorrect under Rule 4(m) of the Federal Rules of Civil Procedure. (*See* R. & R. 2 n.4, July 15, 2016, Dkt. No. 10.) Plaintiff does not appear to have relied on this incorrect date, as service was not attempted before March 7.

-3-

counsel agreed to send waiver of service documents to counsel as soon as possible. (*Id.*) Those documents were sent on December 16, 2015 by mail, with courtesy copy by email. (*Id.*) That same day, Mr. Steinmetz replied via email that the firm of Turner Padget in Charleston, South Carolina had replaced Gannam Gnann & Steinmetz as defense counsel in this matter and that "all further correspondence" should be directed to that firm. (*Id.*) Several attorneys at the firm of Turner Padget were copied on that reply, which included copies of Plaintiff's request for service waiver documents with the comment "note that I am forwarding that which you sent me to them via attaching the same to this email." (*Id.*) Plaintiff's counsel acknowledged the message that day, replying, "I'll look for a response from Ms. Ralephata [Turner Padget shareholder and lead defense attorney]." (*Id.*)

Thereafter, on March 4, 2016 (two days after the time for service lapsed under the new Rule 4(m) but four weeks before such time would have lapsed had the complaint been filed on Monday, November 30, 2015 instead of Thursday, December 3, 2015), Plaintiff's counsel wrote to Defendant's former counsel: "I never got a response from Turner [P]adget on this case. I am about to go ahead and serve. I just wanted to check with you before I incur costs that would be taxed against your client." (*Id.*) Former defense counsel responded, "I suggest you contact Nosizi Ralephata one more time before serving, as I recall she was prepare[d] to save you all costs as to that." (*Id.*) Ms. Ralephata and another Turner Padget shareholder attorney were copied on that email. (*Id.*)

On March 16, 2016, Ms. Ralephata filed a motion to dismiss the complaint for lack of sufficient service, arguing that service had not been completed in the ninety-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure. (Mot. Dismiss, Dkt. No. 5.) Defendant moves for dismissal pursuant to Rule 12(b)(5) (insufficient service of process) and, alternatively,

Rule 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure. In opposition, Plaintiff's counsel argues, "It appears, from the Defendant's motion to dismiss, that the failure to accept service and agree to the waiver was a tactic rather than an oversight. The undersigned, to be frank, relied on Mr. Steinmetz's word that service would be waived, and the belief that a new attorney would uphold the original attorney's promise. This is, of course, a matter of honor, and not one of procedure." (Resp. Opp'n Mot. Dismiss 2, Mar. 31, 2016, Dkt. No. 6.) Plaintiff concedes, "Technically and procedurally [defense counsel] are correct." (*Id.*)

It is obvious from the record that Plaintiff's counsel thought he had 120 days, not 90 days. Otherwise, he would not have waited until two days after the 90-day period lapsed (but four weeks before the former 120-day period lapsed) to follow up about the service waiver. Even his opposition to Defendant's motion refers several times to a 120-day period. (*Id.* at 1, 4, 7.) Defense counsel plainly suspected as much and deliberately chose to ignore the communications of December 16, 2015 as a litigation tactic. There is no other explanation for refusing to waive service, a decision that potentially exposed Defendant to taxed costs and a reduced time in which to answer the complaint. Fed. R. Civ. P. 4(d)(2)–(3).

"Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963)). Defendant admits that it had actual notice of this action (Mot. Dismiss 8 ("Defendant was aware of the Complaint")); Defendant's previous counsel agreed to waive service, though the waiver was never perfected (Dkt. No. 6-1). The Court therefore deems service waived in this action. *See Bank of Am., N.A. v. Kissi*, Civ. No.12-3266-PWG, 2013 WL

4804824, at *9 (D. Md. Sept. 6, 2013) (deeming service waived where the defendant "had actual notice of the action" and "adopted a statement that she was waiving service"). Defendant cannot altogether avoid Plaintiff's complaint by agreeing to waive service but then failing to respond to communications regarding service as a litigation tactic. Nor may new counsel by mere silence disavow promises that she knows were made by previous counsel. This Court takes a dim view of sharp practice.

Defendant's alternative argument for dismissal—that the complaint fails to state a claim upon which relief may be granted—is manifestly meritless. Defendant asserts that Plaintiff fails to state a claim because Plaintiff was, according to Defendant, indisputably terminated for proper cause. (Mot. Dismiss 9–13.) That is an argument for summary judgment. The Court cannot dismiss an action based on pre-answer factual allegations made in a defendant's motion memorandum, nor can it do so by taking "notice" of parties' factual claims as repeated in local newspapers. (*Cf. id.* 10–12 & Ex. E (arguing that "the Complaint must be dismissed because Plaintiff voluntarily disseminated into the public domain information validating that his termination was for cause" and attaching a Post and Courier newspaper article in support of that assertion).) Defendant must answer the complaint if it wishes to contest the facts as alleged by Plaintiff. The Court therefore denies Defendant's motion to dismiss for failure to state a claim. Defendant shall answer the complaint within fourteen days of the date of this Order. Fed. R. Civ. P. 12(a)(4)(A).

### III. Conclusion

For the forgoing reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 10), **DENIES** the motion to dismiss (Dkt. No. 5), and **DEEMS** service waived in this matter. Defendant shall answer the complaint within fourteen days of the date of this Order.

-7-

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

August 8, 2016
Charleston, South Carolina